DAVIS, J., dissenting.
Because I believe the majority's opinion is inconsistent with both the statutory provision at issue and the relevant prior opinions of this Court, I respectfully dissent. The only issue in this appeal is whether the trial court erred in failing to properly verify that Ms. Parker possessed the financial resources necessary to adequately care for Nancy. Subsection (j) of N.C. Gen. Stat. § 7B-906.1 states that
[i]f the court determines that the juvenile shall be placed in the custody of an individual other than a parent or *508 appoints an individual guardian of the person pursuant to G.S. 7B-600, the court shall verify that the person receiving custody or being appointed as guardian of the juvenile understands the legal significance of the placement or appointment and will have adequate resources to care appropriately for the juvenile .
N.C. Gen. Stat. § 7B-906.1(j) (2015) (emphasis added).
*846 This Court has held that in order to meet this verification requirement, "the record must contain competent evidence of the guardians' financial resources and their awareness of their legal obligations." In re J.H. , --- N.C. App. ----, ----, 780 S.E.2d 228, 240 (2015) (citation omitted). "The court may consider any evidence, including hearsay evidence ... that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition." N.C. Gen. Stat. § 7B-906.1(c) (2015). Such evidence may include reports and home studies conducted by the guardian ad litem ("GAL") or department of social services ("DSS"). In re J.E., B.E. , 182 N.C. App. 612, 617, 643 S.E.2d 70, 73, disc. review denied , 361 N.C. 427, 648 S.E.2d 504 (2007).
It is instructive to examine prior decisions in which this Court has concluded that the verification requirement contained in N.C. Gen. Stat. § 7B-906.1(j) was not satisfied. In re P.A. , 241 N.C. App. 53, 772 S.E.2d 240 (2015) involved a trial court's award of guardianship of the minor child to his father's girlfriend, "Ms. Smith." At the permanency planning hearing, Ms. Smith was asked if she had (1) "the financial and emotional ability to support this child and provide for its needs"; (2) "the willingness to reach out when your resources are running out"; and (3) the "prepared[ness] to support this minor child...." Id. at 59-60, 772 S.E.2d at 245. She answered "yes" in response to each of these questions. Id.
On appeal, the respondent-mother argued that "the trial court [had] failed to verify that Ms. Smith had adequate resources to care appropriately for [the minor child]...." Id. at 58, 772 S.E.2d at 245. We agreed, holding that Ms. Smith's conclusory answers alone were "insufficient to support the trial court's finding...." Id. at 60, 772 S.E.2d at 245. We observed that the record did not present actual evidence of Ms. Smith's financial resources, but instead presented "Ms. Smith's own opinion of her abilities." Id. at 65, 772 S.E.2d at 248. Because her opinion as to her ability to care for the child was not sufficient to show that she actually had adequate resources to care for him, we ruled that "[t]he trial court ha[d] the responsibility to make an independent determination, based upon facts in the particular case, that the resources available to *509 the potential guardian are in fact 'adequate.' " Id. (citation, quotation marks, and brackets omitted). We further stated that although the verification requirement under N.C. Gen. Stat. § 7B-906.1(j) does not mandate "detailed findings of evidentiary facts or extensive findings regarding the guardian's situation and resources[,]" this statute does require "some evidence of the guardian's 'resources' ... as a practical matter, since the trial court cannot make any determination of adequacy without evidence." Id. at 61-62, 772 S.E.2d at 246.
On several other occasions, we have likewise rejected a trial court's determination that a prospective guardian possessed adequate resources for purposes of N.C. Gen. Stat. § 7B-906.1(j). In J.H. , the juvenile had been previously placed with his maternal grandparents at the time the trial court entered a permanency planning order awarding guardianship to the grandparents. At the hearing, the court was presented with reports from both the DSS and the GAL. J.H. , --- N.C. App. at ----, 780 S.E.2d at 240 (2015). The DSS report stated that the grandparents had met all of the child's "well-being needs" and "medical needs[,]" including "making sure that he has his yearly well-checkups." Id. at ----, 780 S.E.2d at 240 (quotation marks omitted). The GAL report stated that the child "had no current financial or material needs." Id. at ----, 780 S.E.2d at 240 (quotation marks omitted). The reports also showed that the grandparents had custody of the minor child's sister. Based on these reports alone, the trial court found that the grandparents had adequate resources to care for the child. Id. at ----, 780 S.E.2d at 240.
On appeal, this Court vacated the trial court's order and remanded on the ground that the evidence contained in these reports was "insufficient to support a finding that [the minor child's] grandparents have adequate resources to care for [him]." Id. at ----, 780 S.E.2d at 240 (citation and quotation marks omitted). In so holding, we stated that "[t]he trial court ... failed to make an *847 independent determination, based upon facts in the particular case, that the resources available to the potential guardian are in fact adequate." Id. at ----, 780 S.E.2d at 240 (citation and quotation marks omitted).
Similarly, in In re T.W. , --- N.C. App. ----, 796 S.E.2d 792 (2016), we held that the trial court erred in awarding legal custody to the minor child's aunt because it had not verified that she would have adequate resources to care for the child. At the permanency planning hearing, the aunt testified that "she had yet to find employment and was just continuously looking for jobs" and had received "additional support and assistance" from her mother and grandmother so as to enable her to provide care for the juvenile. Id. at ----, 796 S.E.2d at 798. The trial court received *510 a GAL report that described the aunt's home as "very clean" and stated that the child would have "his own room." Id. at ----, 796 S.E.2d at 798. However, we determined that this evidence did not support the trial court's finding that the aunt had adequate resources to care for the child. We stated that "vague assurances do not suffice to allow an independent determination by the court, based upon the facts in the particular case, that the resources available to the potential custodian are in fact 'adequate' for purposes of N.C. Gen. Stat. § 7B-906.1(j)." Id. (citation and quotation marks omitted).
In the present case, the only witness who testified at the 6 September 2016 permanency planning hearing on this issue was Ms. Parker herself. She testified that she had previously been employed as a bus driver during the prior school year. She stated, however, that she had been unable to obtain employment during the summer of 2016 because she had to participate in Nancy's intensive home therapy and other needs. She further conceded that her lack of employment during the summer months had resulted in her not having enough funds to pay all of her bills. She stated that she had been able to save up some money, which got her "through almost all of the summer."
Nevertheless, she answered in the affirmative when asked (1) whether she would have "sufficient financial income to cover all of [her future] expenses"; (2) whether she "ha[d] family that [she] could go to ask for help"; and (3) whether she would "know to reach out to [DSS] or other community resources to seek help if [she] needed to." In addition, she stated that her future plan for the following summer would be to "[s]ave up" and that she anticipated she would have sufficient income to cover her expenses next summer.
Rather than demonstrating that N.C. Gen. Stat. § 7B-906.1(j) had been satisfied, both Ms. Parker's testimony and the reports prepared by DSS and the GAL supported the opposite conclusion-that she lacked the financial resources to care for Nancy. Ms. Parker did not testify as to her actual income, her job benefits, or any other specific information regarding her finances. Moreover, she did not specify the amount of money she was lacking to pay her bills during her financial shortfall during the summer of 2016.
The DSS and GAL reports unambiguously showed that Ms. Parker has struggled financially while caring for Nancy. The GAL's report stated that Ms. Parker had a problem with transporting Nancy to visits, because she "is a single mom with no income when she is not driving a school bus during the summer." The report prepared by DSS further stated, in pertinent part, as follows:
*511 [Ms. Parker] had to cancel a recent orthopedic appt. due to transportation difficulties....
....
[Ms. Parker] has experienced financial difficulties in this process as she has provided transportation for the child for visitations, mental health appointments, physician appointments, school registration, etc. as well as providing for the minor child's basic needs.
....
Respondent mother has given the caregiver, [Ms. Parker], a one[-]time amount of $20 followed recently by a $10 support during times when [Ms. Parker] has experienced significant financial difficulties....
....
... The agency has provided the caregiver, [Ms. Parker], with gift cards of $30 per *848 month to assist with purchasing food and gas.... [Social Worker] Banks made [a] referral to the Bair Foundation which has offered [Ms. Parker] some assistance with school supplies.
This evidence-in addition to Ms. Parker's own testimony about her lack of funds-demonstrated that Ms. Parker lacked the resources necessary to act as Nancy's guardian. As stated above, her own opinion of her future ability to financially care for Nancy, without more, was insufficient to support the court's finding that she possessed adequate resources as required under N.C. Gen. Stat. § 7B-906.1(j). See In re P.A. , 241 N.C. App. at 65, 772 S.E.2d at 248.
It is important to note that this is not a case in which there was conflicting evidence on this issue as to which it was the trial court's duty to weigh. To the contrary, the only evidence other than Ms. Parker's vague assurances showed that she has struggled to make ends meet. N.C. Gen. Stat. § 7B-906.1(j) clearly requires that before a person is appointed as guardian for a juvenile competent evidence must be presented that the prospective guardian will actually have adequate resources to take care of the child's needs. Here, such evidence simply was not presented to the trial court.
For these reasons, I would hold that the trial court's finding that Ms. Parker "has adequate resources to care appropriately for the minor child" is unsupported by the competent evidence presented at the *512 permanency planning and review hearing and that the trial court's order must be vacated. Accordingly, I dissent.